52 F.3d 1122
 311 U.S.App.D.C. 277
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
DATA-PROMPT, INC., Appellant,
v.
Henry CISNEROS, Secretary, United States Department of
Housing and Urban Development, Appellee.
 No. 94-5133.
 United States Court of Appeals, District of Columbia Circuit.
 April 5, 1995.
 
 Before WILLIAMS, SENTELLE, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs filed by the parties, and on oral arguments presented March 24, 1995. The issues were accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the District Court be reversed and remanded to the District Court, with instructions to remand the matter to the Secretary of Housing and Urban Development for further consideration in accordance with the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 This case arises on appeal of a reverse-FOIA action in District Court, seeking to prevent the Department of Housing and Urban Development ("HUD") from disclosing a software user manual prepared by appellant Data-Prompt, Inc. ("DPI") pursuant to a Freedom of Information ("FOIA"), 5 U.S.C. Sec. 552 (1988), request. After considering DPI's administrative request to withhold the document, HUD concluded that the document should be released pursuant to the FOIA request, citing HUD Acquisition Regulation ("HUDAR") Sec. 2452.227-70, 48 C.F.R. Sec. 2452.227-70 (1984). DPI sought review of HUD's decision under the Administrative Procedure Act ("APA"), 5 U.S.C. Sec. 701 et seq. (1988), arguing that the Department's decision was arbitrary and capricious, 5 U.S.C. Sec. 706(2)(A). On cross motions for summary judgment, the District Court ordered appellant's complaint dismissed, concluding that "the Court does not believe that DPI can obtain the protection it seeks under the FOIA legislation."
 
 
 5
 To the extent that the District Court's order contemplated that it had no jurisdiction over this case, we disagree. The APA provides that any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. Sec. 702. In the reverse-FOIA context, district courts have jurisdiction to hear complaints brought by parties claiming that an agency decision to release a document adversely affects them. See Reliance Electric Co. v. Consumer Product Safety Comm'n, 924 F.2d 274, 277 (D.C.Cir.1991) (judicial review in reverse-FOIA case is APA Sec. 706 "arbitrary and capricious" review); see also Occidental Petroleum Corp. v. SEC, 873 F.2d 325, 337 (D.C.Cir.1989) (reverse-FOIA actions are informal adjudications subject to APA Sec. 706 review). Thus, the district court had jurisdiction to review HUD's decision to release the user manual under the APA.
 
 
 6
 We review de novo the district court's decision to grant summary judgment to HUD in this case. Harbor Ins. Co. v. Stokes, 45 F.3d 499, 501 (D.C.Cir.1995) (summary judgment reviewed de novo); see AT & T Information Systems, Inc. v. General Services Admin., 810 F.2d 1233, 1236 (D.C.Cir.1987) (conducting APA review of agency's reverse-FOIA decision without regard to district court decision). Thus, our inquiry, like that of the district court, focuses upon whether the agency's decision not to release the user manual was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. Sec. 706(2)(A), based upon the "whole record." AT & T Information Systems, Inc. v. General Services Admin., 810 F.2d 1233, 1236 (D.C.Cir.1987).
 
 
 7
 Here, HUD's sole reason for its decision, found in a letter to DPI dated September 24, 1993, is that the agency has a "nonexclusive and irrevocable license" under the HUD Acquisition Regulation, 48 C.F.R. Sec. 2452.227-70 and thus disclosure is permitted. Subsequently, HUD has admitted that its reliance upon this regulation was misplaced because the HUDAR had been superseded by Federal Acquisition Regulation 52.227-14, 48 C.F.R. Sec. 52.227-14 (1994), before the parties entered their contract. We agree. The Department's decision to disclose, which was based solely upon an out-of-date agency regulation, does not provide "full reasoning" sufficient to uphold the agency, and it is thus "arbitrary and capricious." Reliance Electric Co., 924 F.2d at 277.
 
 
 8
 HUD argues that 48 C.F.R. Sec. 52.227-14, the regulation which replaced the out-of-date HUDAR, leads to the same disclosure decision. Without deciding whether Sec. 52.227-14 would permit the same decision, we reject appellee's argument as an impermissible post-hoc rationalization. See AT & T Information Systems, 810 F.2d at 1236. An agency's administrative decision must stand or fall upon the reasoning advanced by the agency therein. SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). Even a casual perusal of the two acquisition regulations reveals that they are dissimilar enough to require a second look by HUD. While we do not determine whether those differences are determinative, we conclude that the agency cannot gain the benefit of hindsight in defending its decision here.
 
 
 9
 Because we find that the Department's reliance upon a non-existent regulation was "arbitrary and capricious" under the APA, we vacate the district court's dismissal and remand the case to the District Court with instructions to remand to HUD for reconsideration of its reverse-FOIA determination.